# Bohn v. German Protestant Orphans Home Co., Inc.

June 21, 1940.

Thos. A. Ballantine, Special Judge.

Leo J. Sandmann for appellant.

Fred Langolf and Otto G. Everbach for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This equity action was filed by appellant and plaintiff below, Augusta Bohn, in the Jefferson circuit court against the appellee and defendant below, German Protestant Orphans Home Company, Incorporated, on September 27, 1937, by which plaintiff sought to cancel a note executed by her to defendant on July 21, 1937, and cancel a mortgage, which she also executed on the

same date to secure it, and to recover from defendant the sum of $1,052.12 interest, which the latter had collected from her since October 9, 1913, the original date of the creation of the debt, and which latter was evidenced by a note between the same parties for the same amount and secured by a mortgage on the same property. Plaintiff paid the interest on that indebtedness semi-annually up to 1928 when she ceased. Thereafter defendant filed an action in the Jefferson circuit court to collect its debt (as originally created) and foreclose its lien, and obtained judgment to that effect with an order for the master commissioner to sell the property. But before he executed that order by an actual sale plaintiff paid all past-due interest up to that date and executed to defendant a new note for the amount of the principal indebtedness and secured by a new mortgage on the same property which, as we have said, was done on July 21, 1937. Following the execution of the new note, and the mortgage to secure it pursuant to agreement therefor, plaintiff consented that the judgment it had obtained against plaintiff should be set aside and the action dismissed, which was done.

In her petition in this case plaintiff avers that she never received any part of the $650 making up the original indebtedness to defendant at the date of the original note and mortgage to secure it on October 9, 1913, and that in executing that note and giving the lien on her property to secure it she made a mistake, as well as being induced by the fraud of defendant to do so—all because, as she alleges, she received no benefit whatever therefrom, and the alleged indebtedness was without consideration. Defendant answered, denying the averments of the petition, and pleaded the Statute of Limitations in bar of plaintiff's action. It also made its answer a cross-petition against her by seeking to recover judgment for its new note of date of July 21, 1937, and the enforcement of its lien to secure it, since plaintiff had defaulted in paying interest thereon, which, under the mortgage, gave defendant the right to precipitate the due date of the indebtedness, which it chose to do. Following pleadings made the issues, and the cause was referred to the master commissioner of the court to take proof and report upon the issues made by the pleadings.

The only witness offered by plaintiff was herself; whilst defendant introduced a number of witnesses con-

sisting chiefly of its officers and Mr. Otto Everbach, a nephew of George Everbach, deceased, the latter of whom was counsel for defendant at the date of the original creation of its debt on October 9, 1913, and he was also at that time (and had been for sometime prior thereto) counsel and adviser of plaintiff. The nephew, Otto Everbach, was at that time also counsel for defendant. The commissioner in due time filed his report to which plaintiff filed written exceptions, which the court overruled, and entered judgment in favor of defendant on its cross-petition for the amount of its debt—directing the property in lien to be sold by the commissioner to satisfy it, and dismissed plaintiff's petition, from all of which she prosecuted this appeal.

The case in its uniqueness is surpassed only by its groundlessness. It is unique because we have had difficulty in classifying it, since it is not an action brought under Section 518 of our Civil Code of Practice to set aside the judgment obtained by defendant on its original note and mortgage on June 24, 1937, for the amount of its debt and the foreclosure of its lien as evidenced by the original transaction on October 9, 1913, since that judgment was set aside and that action dismissed by defendant in consideration of her executing to it the note and mortgage sought to be enforced by defendant in its cross-petition filed herein. It, therefore, must be an action having for its exclusive purpose the setting aside of the original note and mortgage executed on October 9, 1913, some twenty-four years before the filing of the instant action, and which, of course, has long since become barred by Section 2515 and 2519 of our Statutes. The purpose, of course, in obtaining that relief is to destroy the consideration of the new note and mortgage evidencing and securing the same indebtedness executed on July 21, 1937, after plaintiff had obtained its judgment on its original indebtedness nearly a month prior thereto. However, if the question of limitations were eliminated from the case, then there are no facts authorizing the relief she seeks on the merits of the case. As we have said, no one testified on behalf of plaintiff except herself. Her testimony is greatly evasive and by no means convincing. She exhibited very impaired recollection as to what occurred on October 9, 1913, at the time she created the original indebtedness to defendant and secured it by the mortgage she executed at that time. She admitted signing the mortgage, but she testi-

fied to no protest made by her at that time, nor to any species of duress exercised on her to compel her to do so, although she states that she was not fully aware of what the indebtedness consisted or what was its purpose.

It is proven by witnesses testifying for defendant (but which fact it did not know at the time it advanced the loan) that plaintiff was anxious to have the title to the mortgaged property, which had been devised to her by a relative, or which she had inherited from the same relation, so arranged that the property would not descend to her heirs (she having no children or issue of any deceased ones) but that her husband would get the benefit of it upon her death. It was, therefore, arranged that a conveyance of it to a third person should be made who would reconvey it to her with the title arranged to effectuate her indicated desire—all of which was done. But in the deed by which she was reconveyed the property there was a lien retained for $650—$611 of which the proof showed was due to George Everbach for services he had rendered plaintiff in looking after her affairs as well as the estate of her deceased relative from whom plaintiff had received the title to the property involved, and, perhaps, other property, and which legal services it is inferred from some testimony in the record, consisted partly in a contest of that relative's will. At any rate, the deed to her was so executed, and the balance of the debt secured by the lien retained in that deed was for insurance premiums, back taxes, etc., making up the total sum of $650. Those to whom the proceeds of that reserved lien were going were desirous to collect their money, and to obtain it the note and mortgage of date October 9, 1913, were executed.

Plaintiff, according to her testimony, did not fully and completely understand all of the details of that transaction, but if we should conclude that the entire indebtedness contained in the deed executed to her by the agreed on third party was fictitious and fraudulent, she could not now, nor at any time following the creation of the original indebtedness to defendant, defeat the collection of its debt, because there is no proof to show that it had knowledge of any such alleged fraud, or mistake, if any, or that it did not advance the amount of its debt in good faith. But even going beyond that and admitting arguendo that there was such fraud perpetrated on plaintiff at the time referred to, and that defendant

possessed knowledge thereof, there still appears in the case the facts that when sued upon that indebtedness, plaintiff interposed no such defense, but suffered judgment to be rendered against her in favor of plaintiff, and later, to prevent her property from being sold pursuant to that judgment she paid defendant all interest to date and executed a new note and a new mortgage for the same indebtedness on condition that defendant agree to the setting aside of that judgment and a dismissal of that action. Not only so, but plaintiff herself mostly paid all of the semi-annual interest amounts on her original indebtedness to defendant accumulating since October 9, 1913, up to one of the semi-annual due dates in 1928, a period of fifteen years, which itself is utterly inconsistent with any of the grounds upon which she seeks relief in this action, and all of which establishes the groundlessness of this action mentioned in an earlier part of this opinion.

Wherefore, for the reasons stated, the judgment is affirmed.

Judge Rees not sitting.